J-S50018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES J. BURDEN | |
| Appellant | No. 2699 EDA 2014 |

Appeal from the Order July 23, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0007263-2007

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 21, 2015**

Appellant, James J. Burden, appeals, *pro se*, from the July 23, 2014 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the relevant procedural history from the certified record in this case as follows.  On March 19, 2008, Appellant entered into an open guilty plea to six counts of manufacture, delivery, or possession with intent to deliver a controlled substance, five counts of dealing in unlawful proceeds, and one count each of corrupt organizations (employee), criminal conspiracy, criminal use of a communication facility, criminal attempt to manufacture or deliver, criminal conspiracy to engage in corrupt

organizations, criminal conspiracy to aid, and possession of marijuana.[1] Immediately thereafter, the trial court imposed an aggregate judgment of sentence of 18½ to 50 years' imprisonment. On March 27, 2008, Appellant filed a timely post-sentence motion, which the trial court denied on August 11, 2008. Appellant did not appeal his sentence to this Court.

On November 14, 2008, Appellant timely filed his first PCRA petition. Appellant was appointed counsel, and the PCRA court conducted a hearing on Appellant's petition on July 21, 2009. The next day, July 22, 2009, Appellant agreed to withdraw his PCRA petition and motioned, instead, for reconsideration of his sentence *nunc pro tunc*, to which the Commonwealth agreed. Immediately thereafter, Appellant and the Commonwealth entered into a negotiated guilty plea, under which the trial court vacated Appellant's March 19, 2008 judgment of sentence and resentenced Appellant to an aggregate judgment of sentence of 12 to 28 years' imprisonment, followed by 12 years' probation. N.T., 7/22/09, at 3-12. Appellant did not file a timely post-sentence motion or a direct appeal to this Court.

On August 20, 2009, Appellant did, however, file, *pro se*, an untimely post-sentence motion to vacate or reconsider the fines, costs, and restitution *nunc pro tunc*. **See** Pa.R.Crim.P. 720(A)(1) (providing that a post-sentence

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 5111(a)(1), 911(b)(3), 911(b)(4), 7512(a), 901(a), 903(a)(1), 903(a)(2), and 35 P.S. § 780-113(a)(31), respectively.

motion must be filed within ten days of the imposition of sentence). The trial court did not expressly grant *nunc pro tunc* relief before Appellant's sentence became final on August 21, 2009. Therefore, Appellant's untimely post-sentence motion did not toll the appeal period. ***See Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that a post-sentence motion *nunc pro tunc* filed within the 30-day appeal period may toll the appeal period if the appellant properly requests *nunc pro tunc* relief, and the trial court expressly permits the filing within the appeal period), *citing* ***Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*). The trial court ultimately denied the post-sentence motion on October 19, 2009. Appellant did not appeal that denial to this Court.

On October 12, 2012, Appellant filed, *pro se*, a motion for modification of sentence. The PCRA court treated it as Appellant's first PCRA petition and appointed counsel. On November 1, 2013, following a hearing, the PCRA court denied Appellant's petition. On December 12, 2013, Appellant filed an appeal to this Court, and this Court affirmed Appellant's judgment of sentence on June 24, 2014. ***Commonwealth v. Burden***, 105 A.3d 43 (Pa. Super. 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Thereafter, on July 14, 2014, Appellant filed, *pro se*, the instant PCRA petition. The PCRA court denied Appellant's petition without a hearing on

July 23, 2014. On August 19, 2014, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises the following five issues for our review.

> A. Whether the sentence in this case is illegal and violates the Sixth Amendment to the United States Constitution because the sentencing [court] relied upon conduct not found by a [j]ury or admitted in a plea?
>
> B. Whether the [p]etition in this case was timely filed pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii)?
>
> C. Whether under **Teague v. Lane**, 489 U.S. 288 (1989) and its progeny the United States Supreme Court's decision in **Alleyne v. United States**, 133 U.S. 2151 (2013) should be applied retroactively?
>
> D. Whether the [a]pplication of the [m]andatory [p]rovision in sentencing, now determined to be

---

[2] Although Appellant's notice of appeal was docketed on August 21, 2014, the envelope that the notice of appeal was mailed in is dated August 19, 2014. Under the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012). As a result, we deem Appellant's notice of appeal filed on August 19, 2014, and therefore timely. **See** Pa.R.A.P. 903(a) (providing that a notice of appeal must be filed within 30 days). We further note that while the clerk of courts found his notice of appeal defective, that has no effect on its timeliness. **See** Pa.R.A.P. 902 (providing that the "[f]ailure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal…[]"). Appellant cured those defects on September 4, 2014. Moreover, the PCRA court did not order Appellant to file a concise statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), and the PCRA court authored an opinion on January 7, 2015.

unconstitutional, vitiates the sentence and eliminates all question of waiver, timeliness and due diligence as bars to the relief sought?

E. Whether having declared the [m]andatory provision relied upon herein illegal, allowing Appellant to continue to suffer that sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution?

Appellant's Brief at 3.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court.

- 5 -

*Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Seskey*, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, **Ali v. Pennsylvania**, 135 S. Ct. 707 (2014). This is to "accord finality to the collateral review process." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted). The PCRA provides, in relevant part, as follows.

**§ 9545. Jurisdiction and proceedings**

…

(b) Time for filing petition.—

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b)(1)-(2).

Here, Appellant was sentenced on July 22, 2009, and did not file a direct appeal with this Court. As a result, Appellant's judgment of sentence became final on August 21, 2009, when the time for Appellant to file a notice of appeal to this Court expired. **See id.** § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Accordingly, Appellant had until August 21, 2010 to file a timely PCRA petition. ***See id.*** § 9545(b)(1) (providing that a PCRA petition must be filed within one year of the judgment of sentence becoming final to be considered timely). Therefore, Appellant's present July 14, 2014 petition was facially untimely. ***See id.*** However, Appellant asserts that two time-bar exceptions apply in this case. Specifically, Appellant raises the governmental interference and the newly discovered fact exceptions to the time-bar. Appellant's Brief at 9-10. We conclude that Appellant's alleged basis for invoking these exceptions, the United States Supreme Court's decision in ***Alleyne***, does not satisfy the requirements of either exception.

First, in order to meet the statutory requirements of the governmental interference exception, "[the] [a]ppellant [is] required to plead and prove that his failure to raise the claim *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States…." ***Commonwealth v. Chester***, 895 A.2d 520, 523 (Pa. 2006) (internal quotation marks and citation omitted; emphasis in original).

In his brief, Appellant attempts to invoke the governmental interference exception based on ***Alleyne*** with the following argument.

- 8 -

> The evidence which the instant petition rests [on] was within the knowledge and control of the sentencing [c]ourt, specifically, that the facts relied upon in imposing the mandatory provision at sentencing were judicially found and unavailable to Appellant until *Alleyne* was decided and subsequently clarified by the Blair County Court of Common Pleas.

Appellant's Brief at 9. Appellant's argument does not fit into the governmental interference exception. Appellant did not plead any affirmative interference by a government official that prevented him from bringing a claim that his mandatory minimum sentence was unconstitutional. Instead, Appellant had knowledge of the facts the sentencing court relied upon in imposing the sentence because those facts were available to him prior to his plea, at the time of his plea, and at the sentencing hearing when the sentencing court disclosed the basis for its sentencing decision in open court. Moreover, the *Alleyne* decision was announced in the course of the normal judicial process; Appellant does not allege that a government official interfered with his ability to discover *Alleyne* or bring a claim based on *Alleyne*. Therefore, Appellant has failed to plead a proper claim of governmental interference, and his PCRA petition is untimely on this basis. *See Chester*, *supra*.

Likewise, our Supreme Court has previously described a petitioner's burden under the newly discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the

claim was predicated were *unknown"* and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original).

Similar to his governmental interference claim, Appellant alleges that the **Alleyne** decision constitutes a newly discovered fact. Appellant's Brief at 10. It is well settled, however, that a judicial decision is not a "fact" for purposes of satisfying the newly discovered facts exception to the PCRA time-bar. ***Commonwealth v. Watts***, 23 A.3d 980, 986 (Pa. 2011); ***accord Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013). Accordingly, as **Alleyne** is not a fact, and Appellant has not pled or proven any other newly discovered facts that would meet the time-bar exception in Section 9545(b)(1)(ii), his PCRA petition is untimely on this basis.[3] ***See Watts***, ***supra***.

_____

[3] We note that Appellant does not invoke the time-bar exception in Section 9545(b)(1)(iii), the newly recognized constitutional right exception. Even if he did, his claim would fail because this court has held that **Alleyne** does not satisfy the new constitutional right exception to the time-bar. ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Moreover, neither our Supreme Court nor the United States Supreme Court has held that **Alleyne** is retroactive to cases on collateral review. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii) (providing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held by that court to apply retroactively[]").

Based on the foregoing, the PCRA court properly denied Appellant's second PCRA petition because it was untimely filed.[4]  Accordingly, we affirm the PCRA court's July 23, 2014 order.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2015

---

[4] Even if Appellant were able to overcome the PCRA time-bar, his claim would fail because this Court has held that **Alleyne** does not apply retroactively on collateral review to judgments of sentence that became final before **Alleyne** was announced. **Commonwealth v. Riggle**, --- A.3d ---, 2015 WL 4094427, at *4-6 (Pa. Super. 2015)  (noting **Alleyne** applies retroactively to cases pending on direct appeal, but concluding that **Alleyne** did not announce a substantive or watershed constitutional procedural rule, and therefore, is not entitled to retroactive application in the PCRA setting). As Appellant's sentence became final on August 21, 2009, before **Alleyne** was announced on June 17, 2013, he is not entitled to the retroactive application of **Alleyne** on collateral review. **See id.** at *6.